Filed 12/12/22 Tucker v. Zinna CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| BENJAMIN TUCKER et al., | B294366 |
| Plaintiffs and Respondents, | Los Angeles County Super. Ct. No. BC652127 |
| v. | |
| MICHAEL LEONARD ZINNA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara Ann Meiers, Judge. Affirmed.

Ferguson Case Orr Paterson and John A. Hribar for Defendant and Appellant.

Zarmi Law and David Zarmi for Plaintiffs and Respondents.

————————————

After a bench trial, the trial court awarded actual damages of $285,000 and punitive damages of $152,000 for plaintiff Benjamin Tucker and against defendant Michael Zinna.

Zinna's first ground of appeal is that Tucker gave "false testimony" on the topic of actual damages. Zinna maintains no substantial evidence supports the $285,000 damage award because Tucker lied on the stand and the trial court mistakenly believed Tucker. Zinna repeatedly asserts Tucker's testimony— that others had *loaned* Tucker this money, which Zinna then lost in a business venture—was "obviously false." Zinna lost money belonging to third parties, not to Tucker, so giving Tucker the award was improper, Zinna argues.

Zinna agrees the substantial evidence standard governs this question but misconceives the nature of this standard. In a bench trial, the trial court is the sole judge of witness credibility. Its determinations of witnesses' veracity are final. (*People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 335.) The trial court accepted Tucker's credibility. We reject Zinna's request to reevaluate witness credibility.

Zinna next challenges the trial court's denial of his motion for a new trial, which Zinna says we review for an abuse of discretion. The basis for Zinna's motion was his posttrial discovery of certain documents he claims would have been important in the trial.

Zinna appears to concede that these documents were from 2016, that he knew about the documents before the trial, that the other side also knew about them, and that Zinna at one time had these documents on his computer.

Zinna argues he lost his computer copies because of cyberattacks in 2016. Zinna blames the other side for these

2

attacks, but it is unclear whether he presented this factual claim to the trial court. In any event, the trial court never endorsed this factual theory, and we are in no position to adjudicate it.

Zinna then explains that, after trial, he found paper copies of these documents at the house of his "ex-girlfriend." The trial was in August of 2018. Zinna states he was living and storing documents in this person's home in 2017. But then "the relationship ended in June 2017" and she barred Zinna from the house. After trial, however, she let Zinna back in and he found the documents in a bag. Zinna submits this factual showing proves he was diligent and the trial court abused its discretion by rejecting his account.

Zinna does not explain why he never sought to obtain these supposedly vital documents from the other side.

The trial court evidently rejected Zinna's account. This was not an abuse of discretion. Fact finders may disbelieve belated and elaborate but incomplete explanations.

Zinna's third attack is on the punitive damage award against him in the sum of $152,000. The argument is the other side never established Zinna's ability to pay this sum. The trial court, however, relied on Zinna's testimony about a $500,000 judgment in his favor in a Colorado court. Zinna's testimony did not suggest this sum was unreal. This attack is unsuccessful.

## DISPOSITION

We affirm the judgment and award costs to the respondents.

WILEY, J.

We concur:

STRATTON, P. J.

GRIMES, J.